Mr. Chief Justice'Sharkey
delivered the opinion of the court."
Reynolds, the defendant in error, instituted this suit on a promissory note, and Grissom set up in defence, that the amount due by the note had been attached in his hands by the creditors of Reynolds, a non resident debtor, and paid by him, after judgment in the attachment cases, to the attaching creditors. The question for our decision is presented by a bill of exceptions taken at the trial. In support of his defence, the defendant’s counsel offered to read as evidence to the jury, the recoveries and payments in the attachment cases, which were ruled out by the court, because the attaching creditors had not, after judgment and execution, and before payment, given bonds to refund, as required by the 26th section of the attachment law. Revised Code, 167.
The court was right in ruling out the testimony. It was the duty ..of the garnishee to see that the plaintiff in attachment executed bond as the statute requires. He had no right to coerce payment of the amount attached without executing such bond, and the garnishee was not bound to pay, and if he did so, it was a voluntary payment, and constituted no deference to the action *571 on the note. This point was fully decided in the case of Oldham v. Ledbetter, at the July Term, 1834.
For the plaintiff in error, it was insisted that issue being taken to the plea in which the payment under the attachment is set out, Reynolds is thereby estopped from objecting to the payment. This does not alter the aspect ofthe case. The court ruled out the testimony, because it was not sufficient to sustain the plea. Grissom pleaded that judgments had been recovered against him as garnishee under an attachment against Reynolds, and that as such, he was bound to pay. This plea presupposes, that the proceeding by attachment ivas regular, and is, therefore, not sustained by the evidence, which shows nothing more than a voluntary payment. The bond required by thé statute, being essential to the attaching creditor’s right to coerce and recover his demand, it was also essential to Grissom as a matter of evidence in support of his plea! The issue to the plea, is only an admission that the matter is well pleaded in bar, but the party had a right to require strict proof of the material facts pleaded.
The judgment must be affirmed.